## FILLEY *v.* LITTLEFIELD.[1]

*(Circuit Court, E. D. Missouri. October 9, 1885.)*

1. PATENTS—INFRINGEMENT—IMPROVEMENT.
    In a suit for infringement, the fact that the infringing device is an improvement upon the one described in the complainant's patent is no defense.
2. SAME—STOVES.
    Letters patent No. 236,425, and letters patent No. 246,606, issued to Giles F. Filley, for improvements in cooking stoves, *held*, infringed by stoves constructed in accordance with the specifications of letters patent No. 310,874, granted to D. G. Littlefield.

In Equity.
*Paul Bakewell*, for complainant.
*D. G. Littlefield, pro se.*

TREAT, J., (*orally.*) This is an action upon two patents. The only inquiry involved is as to the infringement by the defendant of plaintiff's patents. The party defendant did not choose, under the

[1]Reported by Benj. F. Rex, Esq., of the St. Louis bar.

requirements of the statute, to assail the validity of the complainant's patents. Therefore the case stands solely on the question of infringement. Both patents are infringed, and there will be a decree accordingly, and perpetual injunction. It may or may not be that defendant's patent is an improvement; but whether that be so or not, he cannot infringe the plaintiff's patents, the validity of which is undisputed. As to the damages, B. Gratz Brown will be appointed special master *pro hac vice.*